UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF FLORIDA

CASE NO. 21-CV-22582-ALTMAN/REID

EDUARDO C. RAVELO,

    Petitioner,

v.

DEPARTMENT OF CORRECTIONS,
Ricky D. Dixon, Secretary,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This cause is before the Court upon Petitioner, Eduardo C. Ravelo's Motion to Reopen This Action. [ECF No. 7]. This cause has been referred to the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. [ECF No. 14]. As fully explained below, it is **RECOMMENDED** that Petitioner's motion be **GRANTED**.

## **BACKGROUND**

Petitioner, an inmate at Everglades Correctional Institution ("ECI"), was convicted in state court on May 5, 2016, of (1) theft in excess of $100,000.00; (2) theft from an elderly person in excess of $50,000.00; (3) fraudulent use of personal identification in excess of $100,000.00; (4) unlawful use of a communications device; and (5) money laundering in excess of $100,000.00. *Ravelo v. State*, No. 2014-CF-7021 (Fla. 11th Cir. Ct. June 14, 2016), D.E. 291. Following his conviction, Petitioner appealed to the Florida Third District Court of Appeal ("Third DCA"). *Ravelo v. State*, No. 2014-CF-7021 (Fla. 11th Cir. Ct. June 29, 2016), D.E. 285. The conviction

was summarily affirmed. *See Ravelo v. State*, 251 So. 3d 116 (Fla. 3d DCA 2018). Nearly a year after, Petitioner filed a motion for postconviction relief under Fla. R. Crim. P. 3.850. *Ravelo v. State*, No. 2014-CF-7021 (Fla. 11th Cir. Ct. July 1, 2019), D.E. 359. This motion was also denied and the denial affirmed by the Third DCA on August 12, 2020. *Ravelo v. State*, No. 2014-CF-7021 (Fla. 11th Cir. Ct. Nov. 8, 2019), D.E. 395; *Ravelo v. State*, 303 So. 3d 539 (Fla. 3d DCA 2020).

Petitioner contends thereafter, on October 20, 2020, he filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). Importantly, however, this motion would not appear on the state court's docket until March 1, 2021. This time-lag is crucial, because, as a result, Petitioner had no pending motions in his criminal case from September 2, 2020 (the date on which the Third DCA issued its mandate) to March 1, 2021. Ultimately, the postconviction motion to correct illegal sentence was denied on June 29, 2021. *Ravelo v. State*, No. 2014-CF-7021 (Fla. 11th Cir. Ct. June 29, 2021), D.E. 428. On July 15, 2021, Plaintiff filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. *See* [ECF No. 1].

This Court *sua sponte* dismissed the Petition on December 23, 2021 as time-barred. *See generally* [ECF No. 5]. The state court docket showed Petitioner filed his motion to correct illegal sentence on March 1, 2021. [*Id.*]. This Court concluded the Petition was time-barred because Petitioner had

> filed *nothing* on the state-court docket [after the September 2, 2020, mandate expired] until he submitted his Motion to Correct Illegal Sentence on March 1, 2021. At that point, he was more than three months too late. And, of course, that Motion to Correct couldn't toll the statutory period because, by then, there was nothing left to toll.

[*Id.* at 6] (emphasis in original).

Petitioner moved to reopen this case on January 18, 2022. [ECF No. 7]. He argues here that while he "comprehends the Court's reliance on the state court's docket," his motion to correct

2

illegal sentence was initially filed on October 20, 2020, when he gave it to prison officials to mail. [*Id.* at 3–5]. Petitioner contends the certificate of service and prison date stamp from ECI show the motion to correct illegal sentence was initially delivered on October 20, 2020—not March 1, 2021—as the state court docket indicates. [*Id.* 5–6]. As such, Petitioner argues the statutory period to file his § 2254 Petition was tolled, making his Petition timely. [*Id.*].

Following this Court's Order to Show Cause [ECF No. 8] directing Respondent to explain why the Motion to Reopen should not be granted, Respondent filed a two-page Response. [ECF No. 11]. Respondent contended the Motion to Reopen should be denied because "the Florida Department of Corrections has no record of outgoing mail logged for Petitioner from October through December 2020 and through January 2021." [*Id.* at 1]. Petitioner countered in his reply, however, that "the only names that go on the [mail] log provided are those inmates who are indigent and require [the] FDOC to assist them with the cost of postage for outgoing legal mail." [ECF No. 13 at 2]. Petitioner further averred that since he "is not indigent for purposes of providing his own U.S. postage … his name has never been placed on any outgoing legal mail log." [*Id.*].

Based on the foregoing, the Undersigned set this matter for an evidentiary hearing to determine if Petitioner's motion to correct illegal sentence was hand-delivered to prison officials on October 20, 2020. [ECF No. 18]. Respondent, however, subsequently filed a Motion to Cancel Evidentiary Hearing, admitting that Petitioner's assertion regarding the mail log was true. [ECF No. 19]. Respondent posited "Petitioner is correct in that prison officials do not log outgoing mail where a prisoner … has used his own postage … [and therefore] the mail logs do not rebut Petitioner's claim that he mailed" his motion to correct illegal sentence on October 20, 2020. [*Id.* at 2]. Respondent admitted it had the burden to prove the date of delivery and could not dispute

3

Petitioner's claim that the motion was delivered to prison authorities on October 20, 2020. [*Id.*]. As such, this Court granted Respondent's motion and cancelled the hearing. [ECF No. 21].

## DISCUSSION

Petitioner's Motion to Reopen should be granted. The new understanding regarding the filing date of Petitioner's Fla. R. Crim. P. 3.800(a) motion to correct illegal sentence satisfies the basis to reopen a final judgment under Federal Rule of Civil Procedure 60(b). Further, reopening the case does not constitute a second or successive habeas petition, as Petitioner does not address, nor did this Court ever reach, the merits of Petitioner's claim

### I. Petitioner's Motion to Reopen Should be Granted Because it Satisfies the Standards of Rule 60(b)

Title 28 U.S.C. § 2244 provides a one-year statute of limitations for prisoners to file a federal writ of habeas corpus. This one-year period runs from the date the conviction becomes final on direct review. 28 U.S.C. § 2244(d)(1)(A). The statutory period for filing a petition for writ of habeas corpus, however, is tolled during the pendency of a prisoner's properly filed motions for postconviction or other collateral relief brought in state court. 28 U.S.C. § 2244(d)(2).

Fed. R. Civ. P. 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, [] newly discovered evidence … [or under Rule 60(b)(6)] when the movant shows 'any … reason justifying relief from the operation of the judgment.'" *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005). A habeas petitioner's Rule 60(b) motion is not properly before a federal habeas court when the motion raises new claims or "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis in original). Importantly, however, "[t]his is not the

4

case … when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532; *see also Philistin v. Warden*, 808 F. App'x 914, 916 (11th Cir. 2020) (noting "[w]hen a petitioner's motion does not raise a claim based on the merits of his § 2254 petition … that motion [is properly before the court]").

Here, although Petitioner's Motion to Reopen does not directly invoke Rule 60(b), it should be construed as seeking relief under Rule 60(b). Specifically, the Motion to Reopen fits under Rule 60(b)(6)'s "any other reason that justifies relief" provision. Petitioner is seeking to reopen this case based upon this Court's determination that his claims are time-barred. Crucially, Petitioner points out that this Court's dismissal of his Petition was based on an inaccurate understanding of the timing of Petitioner's state court filings. Petitioner's motion seeks redress for an error in the federal habeas proceedings based on inaccuracies in the state court docket.

Further, Respondent has not—and concedes it cannot—refute Petitioner's contention that he mailed his 3.800(a) motion on October 20, 2020. [ECF No. 19 at 2]. Indeed, as previously noted Respondent admits that its prison officials do not log outgoing mail if a non-indigent prisoner uses his own postage. [*Id.*]. *See* [*Id.* at 1] (conceding that "*Houston* places the burden of proof for the pro se prisoner's date of delivering his document to be filed in court on the prison authorities, who have the ability to establish the correct date through their logs") (quoting *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993)). This discrepancy, and Respondent's admitted inability to contest it, constitutes an extraordinary "reason that justifies relief" under Rule 60(b)(6). By filing his 3.800(a) motion on October 20, 2020, Petitioner tolled the one-year statute of limitations. *See* [ECF No. 5 at 6] (noting that after the Third DCA issued its mandate on Petitioner's Fla. R. Crim. P. 3.850 motion on September 2, 2020, he "had 108 days from September 2, 2020 (or until December

5

21, 2020) to file this Petition"). He still had 60 days remaining to file his § 2254 petition. As established, that motion tolled the statutory period. Once the state court denied his motion, and, as a result, lifted the statutory toll, on June 29, 2021, Petitioner had until August 30, 2021[1], to file his Petition. *Ravelo v. State*, No. 2014-CF-7021 (Fla. 11th Cir. Ct. June 29, 2021), D.E. 428. Petitioner filed his Petition on July 15, 2021, and thus, it was timely. [ECF No. 1]. Consequently, given Respondent's inability to meet its burden to rebut Petitioner's claim that he filed his 3.800(a) motion on October 20, 2020, Petitioner's Motion to Reopen should be granted.

### II. The Motion to Reopen Does Not Constitute a Second or Successive Habeas Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "limits the ability of state prisoners to file successive petitions for federal habeas relief under 28 U.S.C. § 2254, and of federal prisoners seeking relief under 28 U.S.C. § 2255." *United States v. Vanegas-Vera*, No. 98-663-CR, 2010 WL 6830351, *2 (S.D. Fla. Nov. 22, 2010), *supplemented*, No. 98-663-CR, 2011 WL 13383802 (S.D. Fla. Feb. 3, 2011), and *report and recommendation adopted*, No. 98-663-CR, 2011 WL 2620331 (S.D. Fla. July 1, 2011), and *report and recommendation adopted*, No. 98-663-CR, 2011 WL 2620331 (S.D. Fla. July 1, 2011). Filings by habeas petitioners which are deemed to be successive or second habeas petitions are governed by three AEDPA provisions. *See* §§ 2244(b)(1)–(3).

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the courts of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

---

[1] 60 days from June 29, 2021, would actually be August 28, 2021. However, August 28, 2021, was a Saturday, so Petitioner had until the following Monday, August 30, 2021, to file his Petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

6

*Gonzalez*, 545 U.S. at 529–30 (2005) (emphasis in original). State prisoners who have previously filed a Section 2254 petition in federal court cannot file a "second or successive" collateral attack on the same conviction without first obtaining authorization from a federal court of appeals. 28 U.S.C. § 2244(b)(3)(A). In addition, the AEDPA makes clear that in "habeas corpus proceedings under 28 U.S.C. § 2254 [the Federal Rules of Civil Procedure apply] only 'to the extent that [they] are] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (quoting 28 U.S.C. § 2254 Rule 11).

A "Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that … challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)." *Id.* at 538. Yet, a petitioner must be diligent in bringing a Rule 60(b) motion as "lack of diligence in raising a procedural error in a Rule 60(b) motion weighs negatively against reversal." *Philistin*, 808 F. App'x at 916 (citation omitted). "A Rule 60(b) motion must be brought 'within a reasonable time,' or, if the motion is based on Rule 60(b)(1)–(3), 'no more than a year after the entry of the judgment.'" *Id.* (quoting Fed. R. Civ. P. 60(c)).

In the motion, Petitioner does not raise additional claims or reassert claims included in his Section 2254 Petition. Rather, he is seeking to reopen this case based upon this Court's determination that his claims are time-barred. This is not an adjudication on the merits. Nor is the motion a successive or second petition under AEDPA or one under which the Federal Rules of Civil Procedure and AEDPA are in conflict. Rather, Petitioner's Motion to Reopen confines itself to addressing procedural issues in the instant federal habeas proceeding. As such, Petitioner's Motion to Reopen does not constitute a second or successive habeas petition.

7

## CONCLUSION

Based on the foregoing it is hereby by **RECOMMENDED** that Petitioner's Motion to Reopen [ECF No. 7] be **GRANTED**, and that the case be reopened so the merits of Petitioner's claims may be addressed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar the party from a *de novo* determination by the district judge of any issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** this 27th day of April, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:  **United States District Judge Roy K. Altman**

**Eduardo C. Ravelo**
**M96412**
**Everglades Correctional Institution**
**Inmate Mail/Parcels**
**1599 SW 187th Avenue**
**Miami, FL 33194**
**Pro Se**

**All Counsel of Record**