UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22582-CIV-ALTMAN

**EDUARDO C. RAVELO**,

    *Petitioner*,

v.

**RICKY D. DIXON, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS**,

    *Respondent*.

_____/

## ORDER

The Petitioner, Eduardo Ravelo, filed a "Motion to Reopen this Action" [ECF No. 7], arguing that we improperly dismissed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. We referred the Motion to Magistrate Judge Lisette M. Reid, *see* Order Referring Motion [ECF No. 14], whose Report and Recommendation (the "R&R") [ECF No. 23] advised that we grant Ravelo's Motion because "Respondent admitted it had the burden [of proof] . . . and could not dispute Petitioner's claim that the motion was delivered to prison authorities on October 20, 2020." R&R at 3–4. She also warned the parties as follows:

> Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar the party from a de novo determination by the district judge of any issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148– 53 (1985); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

*Id.* at 8. Neither party has filed an objection. Indeed, the Respondent has already filed a Response to Judge Reid's Order to Show Cause, which addresses the merits of Ravelo's Petition. *See* Response to Order to Show Cause [ECF No. 24].

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, the Court can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 23] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Motion to Reopen [ECF No. 7] is **GRANTED**. The Clerk is instructed to **REOPEN** this case.
3. The Court now **VACATES** its Order Dismissing Petition [ECF No. 5].
4. The Court also **VACATES** its Order referring this matter to Magistrate Judge Lisette M. Reid [ECF No. 14]. All further dispositive and non-dispositive matters will be handled by the District Judge.

**DONE AND ORDERED** in Miami, Florida this 13th day of May 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Eduardo C. Ravelo, *pro se*
      counsel of record